Edward G. Baker, J.
Plaintiff sues to enjoin defendant union, its officers, agents and representatives from picketing in the vicinity of plaintiff’s premises, from interfering with deliveries and shipments of merchandise to and from plaintiff’s establishment, from interfering with plaintiff in the conduct of its business, and for money damages.
Plaintiff, a manufacturer of knit goods, was incorporated in January, 1958. The officers, directors and stockholders were Carl Ferraro, Jack Bruno and Ruth Blumberg, the latter being the wife of one Louis Gordon. Gordon, for a time, was employed by plaintiff as a mechanic (or so the plaintiff claimed). He had been an employer in the knit goods industry and, in that capacity, had entered into an agreement with defendant union, expiring July 15, 1958, which bound him individually in any knit goods business in which he might have an interest' during the life of the agreement.
Early in January, 1958, one Jacobsen, an organizer in defendants’ employ, visited plaintiff’s establishment. He was told by Ferraro that plaintiff had already negotiated a contract with another union. Jacobsen then spoke with Gordon who first insisted that he was not associated with plaintiff but later admitted that he was, ánd challenged Gordon ‘ ‘ to prove it ’ ’.
On or about February 17,1958, defendants commenced picketing plaintiff’s premises. The picketing continued for about 10 days when it was temporarily enjoined by court order. It has not been resumed. Defendants insist that the purpose of the picketing was to protest Gordon’s violation of the terms of his agreement with defendant union, Jacobsen having concluded, upon the basis of his observation and investigation, that Gordon was in fact associated with plaintiff.
The placards carried by the pickets bore the legend “ Gee Jay Sportswear are on strike ”. These were false and misleading. There was no strike.
Shortly after the picketing commenced, Gordon and his wife severed their relations with plaintiff. The officers, directors and sole stockholders, as of the date of trial, were Ferraro and Bruno. The firm had, and presently has, only two employees wh.o are close relatives of plaintiff’s officers. They testified in *87 substance that on January 21, 1958, during luncheon recess, they were approached by an organizer of Processing & Fabricating Workers Union Local 321 Ind., and after a brief conversation with him, and without prior consultation with anyone, decided to join that union and so informed their employer. On the same day, plaintiff entered into a collective bargaining agreement with Local 321, expiring January 21, 1961.
At the time this agreement was signed plaintiff had not yet begun operations. As above stated, it had only two employees who were relatives of plaintiff’s officers. It was conceded that when the plant is in full operation 30 to 35 employees will be required to operate it.
However, it is unnecessary here to decide whether the contract negotiated between plaintiff and Local 321 was consummated for the purpose of preventing anticipated organizational efforts by defendant union, although, on the basis of the proof, such a conclusion would seem to be warranted. The defendants have conceded that Gordon is no longer associated with plaintiff and that the reason or justification for the prior picketing no longer exists. Furthermore, defendants agreed upon the trial that it would not resume picketing for the purpose of protesting Gordon’s alleged breach of his agreement with the union.
The credible evidence does not support plaintiff’s claim that Jacobsen demanded a contract and that the picketing was commenced to compel recognition of defendant union. Nor has the plaintiff established by a fair weight of the credible proof that the picketing was disorderly or that deliveries to plaintiff’s plant were interfered with.
However, as stated above, the signs carried by the pickets were false since there was no “ strike ” at plaintiff’s establishment.
Judgment will be directed in favor of plaintiff and against defendants enjoining and restraining defendants from picketing plaintiff’s establishment in such a manner as to convey the impression that plaintiff’s employees are on strike; but the sweeping injunctive relief sought by plaintiff will not be granted. (See Mighty Knitting Mills v. Sinensky, 12 Misc 2d 657.)
The above constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.
Settle judgment accordingly.